UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHARONE BUNIM, et al., | Case No. 05-CV-1562 (KMK) |
| RITA KALRA, et al., | Case No. 05-CV-1563 (KMK) |
| LINDSAY RYAN, et al., | Case No. 05-CV-1564 (KMK) |
| ADRIENNE GARBINI, et al., | Case No. 05-CV-1565 (KMK) |
| ADAM GREENWALD, et al., | Case No. 05-CV-1566 (KMK) |
| BRIAN PICKETT et al., | Case No. 05-CV-1567 (KMK) |
| WENDY TREMAYNE, et al., | Case No. 05-CV-1568 (KMK) |
| DIANE WILLIAMS, et al., | Case No. 05-CV-1569 (KMK) |
| JEREMY BIDDLE, et al., | Case No. 05-CV-1570 (KMK) |
| MATTHEW MORAN, et al., | Case No. 05-CV-1571 (KMK) |
| SACHA BOTBOL, et al., | Case No. 05-CV-1572 (KMK) |
| TIFFANY BURNS, et al., | Case No. 05-CV-1573 (KMK) |
| SCOTT KERNS, et al., | Case No. 05-CV-1574 (KMK) |

　　　　　　　　　　Plaintiffs,

　-v-　　　　　　　　　　　　　　　　　　OPINION AND ORDER

CITY OF NEW YORK, et al.,

　　　　　　　　　　Defendants.

Appearances:

Rose Minna Weber, Esq.
New York, NY
*Counsel for Plaintiffs*

Jay Alan Kranis, Esq.
James Mirro, Esq.
City of New York Law Department
New York, NY
*Counsel for Defendants*

KENNETH M. KARAS, District Judge:

　　These cases are before the Court on Defendants' Motions to Dismiss for Plaintiffs' failure to timely serve the Complaints. Plaintiffs oppose the Motions primarily on the ground that they

will be unduly prejudiced by dismissal. For the reasons stated below, Defendants' Motions are granted in part and denied in part.

## I. Background

Plaintiffs were arrested during the 2004 Republican National Convention ("RNC").[1] These cases are related to *Macnamara v. City of New York*, 04-CV-9216, and accordingly, are assigned to this Court.

Each Plaintiff filed a Notice of Claim with the Comptroller of the City of New York on or before November 29, 2004.[2] Subsequently, each Plaintiff filed a Complaint on February 4, 2005.

---

[1] Plaintiff Kerns was arrested on October 29, 2004 during a group bicycle ride. Plaintiff Kerns alleges that the arrest policy deployed at the October 29, 2004 ride arose directly from policies adopted by the New York Police Department ("NYPD") in preparation for the September RNC. At oral argument, counsel for Plaintiffs indicated that the *Kerns* action is being withdrawn.

[2] Defendants contend that twelve Plaintiffs never filed Notices of Claim and argue that they are consequently barred from asserting state law claims. Those Plaintiffs are Jonathon Lorusso, Andrew Lynn, Juliette Consigny, Sarah Glidden, Michael Jordan, Jay Hardesty, Benjamin Kappel, Laney Barber, Phillip Ellmann, Andre Lebet, Joshua Pelzek, and Valerie Kaur Brar. At argument, Plaintiffs' counsel did not contest this claim.

"Pursuant to General Municipal Law § 50-e(5), a court has the discretion to permit the service of a late notice of claim. The relevant factors for the court to consider include whether (1) the petitioner demonstrated a reasonable excuse for failing to serve a timely notice of claim, (2) the municipality acquired actual knowledge of the facts constituting the claim within 90 days from its accrual or a reasonable time thereafter, and (3) the delay would substantially prejudice the municipality in maintaining its defense on the merits." *Matter of Henriques v. City of New York*, 803 N.Y.S.2d 194, 195 (App. Div. 2005); *see also Matter of Kendall Scott v. Huntington Union Free Sch. Dist.*, 816 N.Y.S.2d 165, 166-67 (App. Div. 2006).

However, § 50-e(7) provides that "[a]ll applications under this section shall be made to the supreme court or to the county court" where the action was commenced. N.Y. Gen. Mun. § 50-e(7). Consequently, this Court does not have jurisdiction to decide whether Plaintiffs may file late Notices of Claim. *See Gibson v. Comm'r of Mental Health*, No. 04 Civ. 4350, 2006 WL 1234971, at *5 (S.D.N.Y. May 8, 2006) ("Federal courts do not have jurisdiction to hear complaints from plaintiffs who have failed to comply with the notice of claim requirement, or to grant permission to file a late notice.") (citing *Jewel v. City of New York*, No. 94 Civ. 5454, 1995 WL 86432, at *1-2 (S.D.N.Y. Mar. 1, 1995); *Brown v. Metro. Transp. Auth.*, 717 F. Supp. 257,

2

The Complaints only stated federal claims. On August 26, 2005, Plaintiffs filed their First Amended Complaints. The Amended Complaints added state law claims against Defendant Hudson River Park Trust. On November 2, 2005, process was served on the City and the Hudson River Park Trust in each action, except for *Kerns*. Second Amended Complaints were filed on November 23, 2005. The Second Amended Complaints added state law claims against the municipal and individually named Defendants. Plaintiffs have not served the individually named Defendants.

## II. Discussion

Defendants argue that because Plaintiffs served process on them approximately five months after the deadline to serve had expired, their state law claims should be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m). Plaintiffs respond that their state law claims were not ripe until after the City of New York held 50-h hearings pursuant to New York General Municipal Law § 50-h(1). Therefore, if Plaintiffs had timely served their Complaints, they would have had to amend their Complaints and re-serve after all 50-h hearings had been conducted. Moreover, Plaintiffs argue that they would suffer severe prejudice if their Complaints were dismissed because their state law claims would be time barred.

### A. New York General Municipal Law

New York law requires that whenever there is a claim against a public entity or employee, a Notice of Claim must be filed within ninety days after the claim arises. N.Y. Gen. Mun. § 50-

---

260 (S.D.N.Y. 1989) ("Until the state legislature amends § 50-e(7) to include federal trial courts, we have no choice but to dismiss for lack of jurisdiction plaintiff's application to file a late notice of claim or to have his notice of claim deemed timely filed.")). Therefore, the state law claims of the twelve Plaintiffs who never filed Notices of Claim are dismissed without prejudice to provide them an opportunity to satisfy the requirements of § 50-e.

3

e(1)(a). Defendants do not dispute that most Plaintiffs timely filed their Notices of Claim. Once a Notice of Claim is filed, an action may be commenced. However, there are two barriers to commencing an action under New York law that apply here. First, an action cannot be commenced unless "at least thirty days have elapsed since the service of such notice and that adjustment or payment thereof has been neglected or refused." N.Y. Gen. Mun. § 50-i(1)(b). Second, the City has the "right to demand an examination of the claimant relative to the occurrence and extent of the injuries or damages for which claim is made . . . ." N.Y. Gen. Mun. § 50-h(1). This is called a 50-h hearing. Where a demand for a 50-h hearing is made, "no action shall be commenced against the city . . . unless the claimant has duly complied with such demand for examination . . . ." N.Y. Gen. Mun. § 50-h(5); *see also Ambroziak v. County of Erie*, 577 N.Y.S.2d 1020, 1020 (App. Div. 1991) ("It is well established that a potential plaintiff is precluded from commencing an action against a municipality until there has been compliance with section 50-h(1) of the General Municipal Law."). However, "[i]f such examination is not conducted within ninety days of service of the demand, the claimant may commence the action." N.Y. Gen. Mun. § 50-h(5); *see also Ambroziak*, 577 N.Y.S.2d at 1020 (holding that 50-h hearing was not a condition precedent to commencing an action where defendant requested adjournment, no date was set for rescheduled hearing, and plaintiff had never failed to appear for a hearing).

Here, Plaintiffs filed their Notices of Claim by November 29, 2004. Therefore, they were free to commence their actions on December 29, 2004. However, the City did demand 50-h hearings for the Plaintiffs. Plaintiffs were required to wait until after the 50-h hearings were conducted to file a claim with state causes of action, unless they were not conducted within ninety days of the demand. Plaintiffs acknowledge that 50-h hearings were conducted between

4

March 1, 2005 and November 17, 2005, and therefore, claim that November 17, 2005 was the earliest date that they could have brought their state law claims.

However, by the date Plaintiffs were required under federal rules to effect service of process, June 2, 2005, forty-seven of the 106 Plaintiffs had indeed undergone 50-h hearings. (Decl. of Jay A. Kranis Ex. B) As of November 2, 2005 – the date that service of process of the First Amended Complaints was effected upon the City of New York – only nineteen Plaintiffs had not yet had 50-h hearings. (Decl. of Jay A. Kranis Ex. B) Accordingly, Plaintiffs' argument that they could not have served process until November 17, 2005 is unpersuasive for several reasons. First, Plaintiffs served process on November 2 – fifteen days before November 17. Second, not all 50-h hearings had been conducted by November 2 or by November 17, yet process for all Plaintiffs was served anyway. Third, Plaintiffs could have timely served process for forty-seven Plaintiffs because their 50-h hearings had been conducted. Fourth and most importantly, Plaintiffs have not provided a single reason why they could not have timely served process of the original Complaints filed November 29, 2004, and then amended their Complaints to include state law claims against the City and its employees once the 50-h hearings had been conducted and the state law claims were ripe, let alone why they could not have sought leave for an extension of time in which to serve Defendants.

B. Federal Rule of Civil Procedure 4(m)

Fed. R. Civ. P. 4(m) requires that a plaintiff serve process upon a defendant within 120 days after the filing of the complaint. Fed. R. Civ. P. 4(m). When service of process is not effected within 120 days after the filing of the complaint,

>  the court, upon motion or on its own initiative after notice to the plaintiff,
>  shall dismiss the action without prejudice as to that defendant or direct
>  that service be effected within a specified time; provided that if the plaintiff
>  shows good cause for the failure, the court shall extend the time for service
>  for an appropriate period.

Fed. R. Civ. P. 4(m).

"The plaintiff bears the burden of proof in showing that it had good cause in not timely serving the defendant." *AIG Managed Mkt. Neutral Fund v. Askin Capital Mgmt., L.P.*, 197 F.R.D. 104, 108 (S.D.N.Y. 2000) (extending time to serve where statute of limitations had run on plaintiffs' claim and extension caused little prejudice to defendants). If good cause is shown, the Court "shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Here however, Plaintiffs do not assert that they had good cause for their failure to timely serve their Complaints. Indeed, Plaintiffs' counsel conceded at oral argument that failure to timely serve or to request an extension of time in which to serve was a poor exercise of judgment. Plaintiffs' counsel accepted responsibility for the decision not to serve or request an extension.

However, even where there is no good cause shown, the Court may exercise its discretion and extend the time to complete service. *See Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997) (recognizing court's discretion to extend time for service in the absence of a showing of good cause); *Tishman v. Assoc. Press*, No. 05 Civ. 4278, 2005 WL 3466022, at *1 (S.D.N.Y. Dec. 16, 2005) (extending time to serve where defendant failed to show any prejudice resulting from untimely service); *AIG*, 197 F.R.D. at 108 (same, citing Advisory Committee Notes to Fed. R. Civ. P. 4(m)).

In determining whether to extend the time for service in the absence of good cause, courts have considered four factors: "(1) whether the applicable statute of limitations would bar the

6

refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision." *Alvarado v. Am. Freightways, Inc.*, No. 04 Civ. 9536, 2005 WL 1467893, at *5 (S.D.N.Y. June 21, 2005) (citing *Eastern Refractories Co. v. Forty Eight Insulations, Inc.*, 187 F.R.D. 503, 506 (S.D.N.Y. 1999)); *see also Beauvoir v. United States Secret Serv.*, 234 F.R.D. 55, 58 (E.D.N.Y. 2006).

Regarding the first factor, the statute of limitations on Plaintiffs' state law claims has run and their refiled actions will be time barred. The fact that the statute of limitations has run on a plaintiff's claim favors the plaintiff. *See Beauvoir*, 234 F.R.D. at 58; *Alvarado*, 2005 WL 1467893, at *5; *Tishman*, 2005 WL 3466022, at *1; *AIG*, 197 F.R.D. at 109. "The rationale for this principle is that dismissal under these circumstances would extinguish potentially meritorious claims without there being an opportunity to have them adjudicated on the merits." *AIG*, 197 F.R.D. at 109-110. However, the fact that the statute of limitations has run on a plaintiff's claim "does not guarantee an extension for every case that may be time-barred if refiled." *Alvarado*, 2005 WL 1467893, at *6; *see also Astarita v. Urgo Butts & Co.*, No. 96 Civ. 6991, 1997 WL 317028, at *5 (S.D.N.Y. June 10, 1997) (dismissing complaint for failure to timely serve where the refiling of plaintiff's claims would be time barred because plaintiff failed to make any effort to effect service and offered no explanation or reasonable excuse for her failure); *Bakal v. Ambassador Constr.*, No. 94 Civ. 584, 1995 WL 447784, at *3 (S.D.N.Y. July 28, 1995) ("[T]he fact that a reinstitution of the action will be barred by the statute of limitations is not by itself a reason to deny the motion to dismiss."). The City argues that even if the Court

dismisses Plaintiffs' Complaints, their federal claims would not be time barred, and Plaintiffs would suffer no prejudice. But Plaintiffs claim that they could obtain relief on their state law claims which they may not be able to obtain on their federal law claims. Therefore, Plaintiffs would be prejudiced by the dismissal of the Complaint, even though the federal claims would survive. Further, while the prejudice to the Plaintiffs here is less than cases where all causes of action in a complaint might be dismissed, because the federal claims would survive, the prejudice to the municipal Defendants also is less. They will have to defend against the same allegations that relate to both the state and federal causes of action. For example, the discovery demands will be the same as they have always been for the municipal Defendants regardless of whether the state law claims are time barred, as the state and federal causes of action are based on the same factual allegations. Thus, this factor weighs in Plaintiffs' favor, particularly as to the municipal Defendants.

The second factor regarding whether Defendants' had actual notice of the filing of the action against them also weighs in favor of Plaintiffs. "[T]he 'core function' of service is to supply notice 'in a manner and at a time that afford the defendant a fair opportunity to answer the complaint and present defenses and objections.'" *AIG*, 197 F.R.D. at 111. While some of the individually named Defendants may not have had notice, the City has had actual notice of the filing of Plaintiffs' claims against them as early as November 29, 2004, when Plaintiffs filed their Notices of Claim. Additionally, counsel for Plaintiffs and the City appeared at a March 24, 2005 conference before the Court where service of process was discussed.

The third factor regarding whether Defendants concealed the defect in process is inapplicable here.

The fourth factor regarding whether Defendants would suffer prejudice if Plaintiffs' time to file were extended also weighs in favor of Plaintiffs. All Defendants argue that they will be prejudiced if they are forced to defend claims "which were not timely presented to them and are now time-barred." (Mem. of Law in Support of Defs.' Mots. to Dismiss the Compls. ("Defs.' Mem.") 4) First, as noted above, even if service was not timely, the City has had timely notice of Plaintiffs' claims which provided them the opportunity to prepare their defense. Indeed, the City knew that dismissal of the Complaint for failure to timely serve would not bar the federal law claims against it. Therefore, Plaintiffs' delay in service did not lure the City into believing that no lawsuit arising out of the September 2004 events would be maintained against it. Second, the City has failed to demonstrate that it would suffer any actual harm to its ability to defend the case if Plaintiffs' time to file were extended. Not only must the City prepare its defense to Plaintiffs' federal law claims regardless of the outcome of these Motions, counsel have already appeared on the City's behalf and participated in relevant discovery. The fact that service of process will occur after the statute of limitations has expired, thereby requiring the City to defend the state law claims, does not by itself constitute prejudice. *See Alvarado*, 2005 WL 1467893, at *6; *AIG*, 197 F.R.D. at 109 (citing Advisory Committee Notes to Fed. R. Civ. P. 4(m)).

In considering the four factors outlined above, the Court finds that they weigh in favor of permitting all Plaintiffs, except Kerns and those Plaintiffs who have not yet filed Notices of Claim, an extension of time in which to have served process until November 2, 2005. The Court finds that it would be inequitable to punish Plaintiffs by dismissing their state law claims because of Plaintiffs' counsel's lapse in judgment, particularly when Defendants have not suffered any discernible prejudice. However, Plaintiffs' counsel suggested at oral argument that the Court

9

dismiss the state law claims against the individually named Defendants, none of whom has been served. Plaintiffs have had ample opportunity to serve the remaining Defendants, even after the filing of these Motions, and yet have failed to do so. The Court therefore adopts Plaintiffs' counsel's suggestion and dismisses the state law claims against the individually named Defendants, some of whom may not have had notice of Plaintiffs' state causes of action.

## III. Conclusion

Accordingly, Defendants' Motions to Dismiss are GRANTED IN PART and DENIED IN PART. The state law claims asserted by Plaintiffs Jonathon Lorusso, Andrew Lynn, Juliette Consigny, Sarah Glidden, Michael Jordan, Jay Hardesty, Benjamin Kappel, Laney Barber, Phillip Ellmann, Andre Lebet, Joshua Pelzek, and Valerie Kaur Brar, and any other Plaintiffs who have not filed Notices of Claim as of the date of this Order, are DISMISSED without prejudice. The state law claims against all individually named Defendants are also DISMISSED without prejudice. The remaining state law claims against the Hudson River Park Trust and the municipal Defendants are permitted to go forward.

The Clerk of Court is directed to terminate the Motions (05-CV-1562 Doc. No. 24; 05-CV-1563 Doc. No. 19; 05-CV-1564 Doc. No. 20; 05-CV-1565 Doc. No. 20; 05-CV-1566 Doc. No. 19; 05-CV-1567 Doc. Nos. 18-19; 05-CV-1568 Doc. No. 20; 05-CV-1569 Doc. No. 19; 05-CV-1570 Doc. No. 19; 05-CV-1571 Doc. No. 19; 05-CV-1572 Doc. No. 20; 05-CV-1573 Doc. No. 20; 05-CV-1574 Doc. No. 14, 17, 18).

SO ORDERED.

Dated:   July 21, 2006
         New York, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE